FILED
SUPERIOR COURT
OF GUAM

2019 NOV 29 AM 11: 28

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO: CF0284-18 |
| PLAINTIFF | |
| vs. | **DECISION AND ORDER RE: DEFENDANT'S MOTION TO DISMISS DUE TO CIVIL COMPROMISE** |
| GREGORIO PANGELINAN SABLAN, DOB: 08/24/1964, | |
| DEFENDANT. | |

### Introduction

This matter came before the Honorable Maria T. Cenzon on April 29, 2019 for a Criminal Trial Setting, as well as a hearing on Defendant Gregorio Pangelinan Sablan's ("Defendant") Motion to Dismiss Due to Civil Compromise. Defendant was not present at the hearing. Defendant is represented by Attorney Peter Sablan of the Public Defender's Office, who was present at the hearing. Attorney Thomas Neuman was present for the People of Guam ("People"). At the hearing, the Court **DENIED** the Motion from the bench. The Court now issues this DECISION and ORDER memorializing its ruling.

### Background

Defendant was charged with THEFT (As a Second Degree Felony) and THEFT BY RECEIVING (As a Second Degree Felony) in this matter. Indictment (May 21, 2018).[1] On March 7, 2019, the victim, Mr. Myung Jin Park ("Victim") filed an affidavit in support of the

---

[1] Defendant was indicted alongside co-Defendant Peter Hans, and the matter has not been severed. However, the Motion to Dismiss Due to Civil Compromise was filed only on behalf of the Defendant named in the caption, and does not implicate co-Defendant Hans.

Motion to Dismiss Due to Civil Compromise. Aff. in Supp. of Mot. to Dismiss Due to Civil Compromise (Mar. 7, 2019). In that affidavit, Victim asserted that he did not want to pursue the case, and wished for the Government to dismiss the matter. *Id.* He further stated that he waived all claims for restitution and had "received satisfaction" in the matter. *Id.*

In an accompanying document, Defendant filed a Stipulation to Dismiss Due to Civil Compromise on March 15, 2019. Stip. to Dismiss Due to Civil Compromise (Mar. 15, 2019). In the stipulation, both Defendant and the People agreed to dismiss the matter.

At a March 26, 2019 Pre-Trial Conference, Defendant stated his Motion to Dismiss on the record. Minute Entry (Mar. 26, 2019).[2] The Court expressed concerns about granting the Motion, despite the People's lack of objection. *Id.* The Court stated on the record that based on what was filed, there was not enough for the Court to grant a Motion to Dismiss under Guam's Civil Compromise statute. *Id.* The Court set a continued hearing on Defendant's Motion. *Id.*[3]

At the April 29, 2019, continued hearing, Defendant again requested that the Court dismiss the matter due to civil compromise, based on the affidavit filed by the Victim. Minute Entry (Apr. 29, 2019). Despite no objection from the People, the Court noted that based on the evidence presented, as well as the nature of the charges, the matter could not be dismissed under the Civil Compromise statute. *Id.* Thus, the Court DENIED the Motion from the bench. *Id.*

### Discussion

Under 8 GCA § 80.90, "[w]hen the defendant has been charged with the commission of an offense *which is not a felony* for which the person injured by the act constituting the offense has a remedy by a civil action" and "if the person injured appears before, or files his declaration in, the court in which the criminal action is pending at any time before trial and acknowledges that he has received satisfaction for the injury," then "the court may, upon payment of the costs incurred, order the criminal action dismissed." 8 GCA §§ 80.90(a)-(b) (emphasis added).

---

[2] Defendant was not present at the March 26, 2019, hearing. However, counsel for Defendant, Attorney Peter Sablan, was present at this hearing and raised the Motion on Defendant's behalf.

[3] Per the Minute Entry from the March 26, 2019, hearing, the continued hearing was originally set for April 30, 2019. However, the Court moved the hearing to April 29, 2019, and notified all parties. *See* Minute Entry (Apr. 29, 2019).

Based on a strict reading of the statute, Defendant's Motion must be denied at the outset. Defendant was charged with two felony charges. Section 80.90 is clear in that it only allows for the dismissal of misdemeanor charges that have been resolved through civil compromise between the victim and the defendant. Thus, because Defendant's charges do not fall under the types of matters which can be dismissed under 8 GCA § 80.90, the Court must deny the Motion.

Even if the Court were to assume that Defendant's charges were misdemeanors, and thus fell under the purview of the statute, the Court would still be hesitant to grant the Motion. Guam's Civil Compromise statute is based upon California Penal Code §§ 1377 and 1378 and in the absence of binding precedent, "California case law [is] persuasive absent a compelling reason to deviate." *People v. Hall*, 2004 Guam 12 ¶ 18. In California, the legislative purpose of civil compromise is to remove from criminal prosecution offenses for which there is an adequate civil remedy instead of "subjecting the accused to criminal sanctions for the welfare of society in general." *People v. Stephen*, 227 Cal. Rptr. 380, 388 (Cal. App. Dep't Super Ct. 1986). Appropriate factors to consider include: (1) whether the civil injury was coextensive with the criminal violation; (2) whether the circumstances were such that through private settlement the injury to the public was fully vindicated; and (3) whether the victim's settlement agreement was made voluntarily. *People v. Moulton*, 182 Cal. Rptr. 761, 767-68 (Cal. App. Dep't Super. Ct. 1982).

Based on Victim's affidavit, the Court cannot conclude with any certainty that these three factors fall in favor of dismissing the case due to civil compromise. While the civil injury suffered by Victim, stolen property, is coextensive with the criminal violation of theft, nowhere in the affidavit does it suggest that the public was "fully vindicated" through private settlement. In his affidavit, Victim stated that he did not want to move forward with the case, and that he waived all claims to restitution. Ostensibly, Victim did not receive any form of monetary or material compensation from the Defendant. Suggesting that Victim has "received satisfaction" in this matter is not sufficient to prove to this Court that the requirements of the civil compromise statute have been met. Regarding prong three, there is no evidence of any settlement agreement

between Victim and Defendant. Rather, Victim merely expressed a desire to not pursue the matter. This does not satisfy the three factors mentioned in *Moulten*. Thus, based on the evidence presented to the Court, there is no showing of a private settlement between the Victim and the Defendant such that "the public was fully vindicated."

Because of the lack of evidence of any adequate private settlement, the Court would likely deny the Motion even if Defendant's crimes fell under the language of the statute. However, because the Court must deny the Motion from the outset, the Court need not make a conclusive finding on the adequacy of the satisfaction the Victim received. Defendant's crimes are felonies, not misdemeanors, and therefore they cannot be dismissed under 8 GCA § 80.90.

## Conclusion

Based on the reasons provided above, the Court hereby **DENIES** Defendant's Motion to Dismiss Due to Civil Compromise.

SO ORDERED this _____**NOV 29 2019**_____, *nunc pro tunc* April 29, 2019.

_____
**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

_____

Date: 11/29/19  Time: 11:20

Deputy Clerk, Superior Court of Guam

*People v. Sablan*; CF0284-18
D&O re: Defendant's Motion to Dismiss Due to Civil Compromise
Page 4 of 4